# EXHIBIT A

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

GALA KIRBY
    PLAINTIFF
VS.                                                                                     DOCKET NO. 13-0351

GENTIVA HEALTHCARE SERVICES (USA) LLC,    Complaint
    DEFENDANT

## SUMMONS

TO DEFENDANT:   Gentiva – Registered Agent, Capital Filing Service Company

WHOSE ADDRESS IS   992 Davidson Dr., Ste B; Nashville, TN 37205

OTHER SERVICE INFORMATION    Plaintiff will serve

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 14 day of May, 20 13.

S. LEE AKERS, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

PATY, RYMER & ULIN, P.C.
RANDALL LARRAMORE     #18760
Plaintiff Attorney     BPR#
or Plaintiff if no attorney (*pro se*)

19 Patten Parkway
Address

Chattanooga, TN 37402

(423) 756-6770     (423) 756-0009
Tel. NO.     Fax NO.

A TRUE COPY
S. LEE AKERS Clerk & Master
Chancery Court, Hamilton Co., Tennessee
This 14 day of May, 20 13
By_____ D.C. & M

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
                                    (Date)                                                  (Date)

☐ served this summons and a complaint on defendant, _____
                                                                           (Printed Name of Defendant)

in the following manner:

_____

_____

_____


☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____


_____     _____
Process Server Name (Printed)               Process Server Signature


_____
Address

_____

_____

[Form 114, Rev 2002.01.15]

IN THE CHANCERY COURT OF
HAMILTON COUNTY TENNESSEE

GALA KIRBY,
    Plaintiff,

v.

GENTIVA HEALTH SERVICES (USA), LLC
    Defendant.

Case No.: 13-0351

Part ____

Jury Demand

## COMPLAINT

Comes Now the Plaintiff, Gala Kirby, by and through Counsel, and sues the Defendant, Gentiva Health Services (USA) LLC, (hereinafter "Defendant" or "Gentiva") and for her cause of action, states:

### I. JURISDICTION

1. Jurisdiction in this case is invoked for violations of the *Tennessee Human Rights Act* (THRA), T.C.A. § 4-21-101, *et.seq.*; the *Tennessee Public Protection Act*, T.C.A. § 50-1-304; and for common law termination against public policy.

2. Plaintiff, Gala Kirby is and was at all times material herein, a citizen and resident of Hamilton County, Tennessee.

3. Defendant, Gentiva Health Services (USA) LLC, is a foreign corporation registered to do business in the state of Tennessee. Defendant can be served with process through its registered agent, Capital Filing Service, Inc., Ste B, 992 Davidson Dr., Nashville, TN 37205.

4. Defendant maintains operations in Hamilton County Tennessee where Plaintiff was assigned as a result of her employment.

*Paty, Rymer & Ulin, P.C.*
Attorneys at Law
19 Patten Parkway
Chattanooga TN
37402-2297

5. Plaintiff was at all material times an employee of Defendant within the meaning of *Tennessee Public Protection Act, T.C.A.* § 50-1-304.

6. The Defendant is an "employer" as defined by *Tennessee Public Protection Act, T.C.A.* § 50-1-304.

7. The acts complained of herein occurred primarily at Defendant's facilities in Hamilton County, Tennessee, where the Plaintiff was assigned as a result of his employment.

## II. GENERAL ALLEGATIONS

8. Plaintiff was hired by Defendant, Gentiva, on February 8, 2012, to work as a branch manager at Defendant's Hamilton County, Tennessee, location.

9. At the time of her employment, Defendant's local branch had undergone significant disruption and most of the staff had resigned.

10. During her employment, Plaintiff performed her job duties acceptably within the guidelines established by Defendant.

11. Because most of the staff had resigned from Defendant's Hamilton County facility, Plaintiff was instructed by Defendant's management that staffing and raising admissions were her number one priority.

12. Plaintiff informed Defendant's management that in order to properly staff the facility in conformance with HIPPA and Medicare standards, the employees would need to be properly trained. This process would require time and effort and would slow admissions.

13. In response to Plaintiff's stated concerns, she was in effect instructed to utilize staff that had not been properly trained regarding HIPPA and other legally mandated matters.

14. Plaintiff resisted Defendant's instructions and continued to point out the necessity and legal requirements of properly training the employees.

*Paty, Rymer & Ulin, P.C.*
Attorneys at Law
19 Patten Parkway
Chattanooga TN
37402-2297

2

Case 1:13-cv-00216-CLC-WBC   Document 1-1   Filed 06/27/13   Page 5 of 10   PageID #: 9

15. In May of 2012, at a branch meeting, Plaintiff's superior, a Vice President of Operations, engaged in an offensive sexual dialogue. Plaintiff found the behavior inappropriate and offensive.

16. The week prior to Ms. Kirby's termination, she had a meeting with her superiors in which she again informed Defendant that training had to be completed, and that she believed that they were not in compliance with Federally mandated standards. This was because she had recently discovered one of Defendant's employees who was providing patient care but who had not been properly trained.

17. As a result of the prevalence of the staffing issue and Plaintiff's complaints regarding the issue, an additional meeting was held with Plaintiff's superiors on May 18, 2012.

18. At the meeting of May 18, 2012, Plaintiff again raised the staff training issue, stressing the requirement to properly train staff prior to placing them into service. Plaintiff also complained about the offensive sexual behavior which she had experienced at the recent work related gathering.

19. On May 18, 2012, immediately upon making her complaints, Plaintiff was terminated from her employment with Defendant.

20. Plaintiff was terminated because of her refusal to utilize untrained staff and her complaints about the issue, as well as in retaliation for her complaints of sexually offensive behavior in the work environment.

*Paty, Rymer & Ulin, P.C.*
Attorneys at Law
19 Patten Parkway
Chattanooga TN
37402-2297

3

## III. CAUSE OF ACTION

**21.** Plaintiff charges and alleges that because of the retaliation to which she was subjected, Defendant is guilty of violations of the *Tennessee Human Rights Act* (THRA), *T.C.A.* § 4-21-101, *et.seq.*

**22.** Plaintiff charges and alleges that because of the retaliation to which she was subjected, Defendant is guilty of violations of the *Tennessee Public Protection Act, T.C.A.* § 50-1-304.

**23.** Plaintiff charges and alleges that because of the retaliation to which she was subjected, Defendant is guilty of common law termination against public policy.

## IV. DAMAGES

**24.** As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered lost income and benefits, mental pain and suffering, embarrassment, humiliation and general damages.

## V. RELIEF SOUGHT AGAINST DEFENDANTS

**WHEREFORE**, Plaintiff, Gala Kirby, prays that proper process issue and be served upon the Defendants in this action in the manner prescribed by law; and

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, plus reasonable attorney fees and all costs; and

**WHEREFORE**, Plaintiff demands a jury to try all issues, when joined.

*Paty, Rymer & Ulin, P.C.*
Attorneys at Law
19 Patten Parkway
Chattanooga TN
37402-2297

Respectfully submitted,

**PATY, RYMER AND ULIN P.C.**

By: _____
Randall D. Larramore
BPR # 18760
Attorneys for Plaintiff
19 Patten Parkway
Chattanooga, TN 37402
R-Larramore@PRandUlaw.com
(423) 756-6770
(423) 756-0009 Fax

*Paty, Rymer & Ulin, P.C.*
Attorneys at Law
19 Patten Parkway
Chattanooga TN
37402-2297

5

 

**CLERK & MASTER**
**CHANCERY COURT OF TENNESSEE**
**ELEVENTH JUDICIAL DISTRICT OF TENNESSEE**
**CHATTANOOGA, TENNESSEE**

## AMERICANS WITH DISABILITIES ACT NOTICE
42 U.S.C. 12131, et seq., T.C.A. § 16-3-803, Tennessee Supreme Court Rule 45

The AMERICANS WITH DISABILITIES ACT (ADA) prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the ADA, the Tennessee Judicial Branch will provide reasonable modifications, if necessary, in order for any qualified individual with a disability to access all of its programs, services and activities.

**If you require a modification to access the judicial program or have special needs because of a qualified disability, you must:** submit a **written** REQUEST FOR MODIFICATION to the State Judicial Program ADA Coordinator listed below at least **five business days prior** to the date of the judicial program, if possible.

For **ADA information or assistance ONLY**, contact:

**State Judicial Program ADA Coordinator**
**Administrative Office of the Courts**
**Nashville City Center, Ste 600**
**511 Union Street**
**Nashville, TN 37243**
**(615) 741-2687 OR (800) 448-7970**
**adacoordinator@tncourts.gov**

THE TENNESSEE JUDICIAL BRANCH AMERICANS WITH DISABILITIES ACT POLICY REGARDING ACCESS TO JUDICIAL PROGRAMS, as well as REQUEST FOR MODIFICATION form may be found online at: www.tncourts.gov

Page 1 of 1 page.
NOTICE: AMERICANS WITH DISABILITIES ACT
FORM 167A REV. 2012.02.07

Case 1:13-cv-00216-CLC-WBC Document 1-1 Filed 06/27/13 Page 9 of 10 PageID #: 13



7011 2970 0002 3044 3676

**PATY, RYMER & ULIN, P.C.**
19 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE 37402-2297

TO  CAPITAL FILING SERVICE COMPANY
992 DAVIDSON DRIVE
SUITE B
NASHVILLE TN  37205

CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

FIRST CLASS MAIL