**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| GALA KIRBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-216 |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| GENTIVA HEALTHCARE SERVICES | ) | |
| (USA) LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant, Gentiva Healthcare Services (USA), LLC ("Gentiva"), respectfully requests that this Court enter an order enforcing the settlement agreement reached between Counsel for the parties. Gentiva further respectfully requests that this Court award to Gentiva the costs and reasonable attorneys' fees incurred by it in preparing and prosecuting this Motion. In support of these requests, Gentiva states the following:

1. Plaintiff, Gala Kirby ("Plaintiff"), is a former at-will employee of Gentiva. Gentiva terminated Plaintiff's employment on May 18, 2012. Aggrieved by her termination, Plaintiff filed a lawsuit. On June 27, 2013, Gentiva removed Plaintiff's lawsuit to this Court. (Not. Rem., Dkt. 1.) Plaintiff's Complaint asserts claims under the Tennessee Human Rights Act, the Tennessee Public Protection Act, and Tennessee common law. Discovery in this matter was routine and included Gentiva's deposition of Plaintiff on July 1, 2014. Notably, Plaintiff took no depositions in this matter. The deadline to file dispositive motions—July 31, 2014—has passed. (Sch. Ord., Dkt. 5, p. 2.)

2.      Although settlement negotiations in this case had been ongoing between Counsel,

following Plaintiff's deposition, the negotiations became productive.   On Thursday, July 17,

undersigned Counsel e-mailed Plaintiff's Counsel and proposed a full and complete settlement of

this matter for Redacted [1]

> **From:** Davis, Angie
> **To:** Randall D. Larramore
> **Cc:** Terri R. Larramore
> **Sent:** Thursday, July 17, 2014 12:05 PM
> **Subject:** RE: Kirby v. Gentiva
>
> Let's split the difference and be done with this at Redacted  We will need to attribute 50% to wages and withhold appropriate taxes.  I can get a settlement agreement to you in the next day or two.  Deal?
>
> **Angie C. Davis**
> Shareholder
> Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
> 2000 First Tennessee Building
> 165 Madison Avenue
> Memphis, Tennessee  38103
> Direct:  901.577.8110
> Facsimile:  901.577.0893
> Email:  angiedavis@bakerdonelson.com
> www.bakerdonelson.com
>
> Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
> represents clients across the U.S. and abroad from offices
> in Alabama, Georgia, Louisiana, Mississippi, Tennessee,
> Washington, D.C. and a representative office in Beijing, China.

(E-mail Chain Ending July 21, Ex. 1, p. 2.)

3.      On Sunday, July 20, Plaintiff's Counsel e-mailed and proposed the following:

---

[1] In order to preserve confidentiality, dollar amounts have been redacted from this pleading and from all exhibits.  Undersigned Counsel has e-mailed to the Court and to opposing Counsel an un-redacted copy of this pleading and all exhibits.

M ZBB 2515283 v3
2905453-000017  08/18/2014

**From:** Randall D. Larramore [mailto:r-larramore@prandulaw.com]
**Sent:** Sunday, July 20, 2014 12:36 PM
**To:** Davis, Angie
**Cc:** Terri R. Larramore
**Subject:** Re: Kirby v. Gentiva

Angie,

I think I can get it done with the following conditions:

the payment is made in 3 checks: 1) to PRU for the fee 2) to Gala Kirby taxed as wages 3) to Gala Kirby on a 1099 as non-economic compensatory damages.

1/2 of the total amount paid to Gala Kirby will be taxed.

At this point I am eating fee to get this done, but believe that with the above conditions it can be accomplished.

1

Randy

(E-mail Chain Ending July 21, Ex. 1, pp. 1-2.)

4.      On  Monday,  July  21,  undersigned  Counsel  accepted  and  asked  that  Plaintiff's

Counsel provide a breakdown of how Plaintiff wanted the settlement proceeds:

----- Original Message -----
**From:** Davis, Angie
**To:** Randall D. Larramore
**Sent:** Monday, July 21, 2014 3:37 PM
**Subject:** RE: Kirby v. Gentiva

Deal so long as you can email me some compelling reason for not taxing the other half – whatever you can get from her about injury will work.  Email me the breakdown of how you want checks and tax id info.  I will draft the settlement agreement.

**Angie C. Davis**
Shareholder
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee  38103
Direct:  901.577.8110
Facsimile:  901.577.0893
Email:  angiedavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee,
Washington, D.C. and a representative office in Beijing, China.

(E-mail Chain Ending July 21, Ex. 1, p. 1.)

M ZBB 2515283 v3
2905453-000017  08/18/2014

5.      Near the close of business on Monday, July 21, Plaintiff's Counsel confirmed the terms of the settlement and that he did not foresee any problems:

| | |
|---|---|
| **From:** | Randall D. Larramore <r-larramore@prandulaw.com> |
| **Sent:** | Monday, July 21, 2014 5:24 PM |
| **To:** | Davis, Angie |
| **Cc:** | Terri R. Larramore |
| **Subject:** | Re: Kirby v. Gentiva |

Angie,

Ms. Kirby has agreed to the terms in principle.  She is consulting with her bankruptcy attorney tomorrow to ascertain the effect of the settlement.  I don't foresee any problems.

Randy

(E-mail Chain Ending July 21, Ex. 1, p. 1.)

6.      Undersigned Counsel then prepared a settlement agreement, which per the terms of Counsel's negotiations, included "full confidentiality."  (E-mail Chain Ending July 21, Ex. 1, p. 3.)

7.      On July 25, Plaintiff's Counsel again confirmed that this matter had settled and that he would forward the division of the proceeds:

**From:** Randall D. Larramore [mailto:r-larramore@prandulaw.com]
**Sent:** Friday, July 25, 2014 11:01 AM
**To:** Davis, Angie
**Cc:** Terri R. Larramore
**Subject:** Re: Kirby

Angie,

We are settled.  I will forward the division of the proceeds.

Randy
----- Original Message -----

(July 25, 2014 E-mail, Ex. 2, p. 1.)

8.      As of July 28, just three days before the dispositive motions deadline, Plaintiff's Counsel had not yet provided a breakdown of the settlement proceeds, which was required to finalize the settlement agreement.   Undersigned Counsel e-mailed Plaintiff's Counsel and

M ZBB 2515283 v3
2905453-000017  08/18/2014

requested Counsel provide a breakdown of the settlement proceeds as soon as possible. (July 28 E-mail, Ex. 3, p. 1.) Prompted by that e-mail, Plaintiff's Counsel provided a breakdown of the settlement proceeds and also offered to file a notice of settlement with the Court, which he never did:

| | |
|---|---|
| **From:** | Randall D. Larramore <r-larramore@prandulaw.com> |
| **Sent:** | Monday, July 28, 2014 2:26 PM |
| **To:** | Davis, Angie |
| **Cc:** | Terri R. Larramore |
| **Subject:** | Kirby v. Gentiva |

Angie,

The Redacted settlement should be divided as follows:

Redacted to Paty, Rymer & Ulin, P.C. Tax # 62-1068510.

Redacted to Gala Kirby with w-2 wages withheld.

Redacted to Gala Kirby for non-economic compensatory damages with a 1099 to issue.

If you would like, I can file a notice of settlement with the Court.

Randy

Randall D. Larramore, Esq.
Paty, Rymer, Ulin & Larramore, P.C.
19 Patten Parkway
Chattanooga, TN. 37402

423-756-6770
423-756-0009 (fax)
r-larramore@prandulaw.com
www.PRandUlaw.com

(Second July 28 E-mail, Ex. 4, p. 1.)

9.     On July 31, undersigned Counsel sent to Plaintiff's Counsel the finalized settlement agreement. (July 31 E-mail w/ Agreement, Ex. 5, p. 1.) In addition to standard terms and conditions, to which neither Plaintiff nor her Counsel has raised any objection whatsoever, the settlement agreement outlined the written payment instructions previously given by Plaintiff's Counsel. Per Counsel's instructions, the settlement proceeds were divided as follows: one check to Plaintiff's Counsel for attorneys' fees; one check to Plaintiff for back wages; and an

M ZBB 2515283 v3
2905453-000017 08/18/2014

additional check to Plaintiff for compensatory damages. The "back wages" payment to Plaintiff was to be a W-2 payment with applicable payroll taxes withheld. The "compensatory damages" payment to Plaintiff was to be a 1099 payment with no taxes withheld. (July 31 E-mail w/ Agreement, Ex. 5, p. 2.)

10.     On August 7, Plaintiff's Counsel sought to re-work the breakdown of the settlement proceeds. Specifically, Counsel sought to "1099 the full [settlement] amount" thereby ensuring that Plaintiff's settlement proceeds would not be subject to any payroll taxes. (August 7 E-mail Chain, Ex. 6, p. 1.) Undersigned Counsel declined to re-work the terms of the settlement and informed Plaintiff's Counsel that because of the back pay damages sought by Plaintiff in her Complaint and her deposition testimony about lost wages, a portion of the settlement proceeds must be attributed to back pay, which is exactly what Plaintiff's Counsel had previously instructed.[2] (August 7 E-mail Chain, Ex. 6, p. 1.)

11.     On August 8, Plaintiff's Counsel informed undersigned Counsel that Plaintiff would not execute the settlement agreement and that Plaintiff "may" seek a second legal opinion about the terms of the settlement. (August 8 E-mail, Ex. 7, p. 1.) Later that day, undersigned Counsel again explained to Plaintiff's Counsel the justifications for the breakdown of the settlement proceeds—which, again, was done exactly as Plaintiff's Counsel instructed—and further informed Plaintiff's Counsel that if a signed settlement agreement was not provided by Wednesday, August 13, Gentiva would move to enforce the settlement. (Second August 8 E-mail, Ex. 8, p. 1.) To date, Plaintiff's Counsel has not provided a signed settlement agreement.

---

[2] For the damages sought in the Complaint, see Dkt. 1-1, ¶ 24. For Plaintiff's deposition testimony about her lost wages, see Exhibit 9.

M ZBB 2515283 v3
2905453-000017  08/18/2014

12.     This Court can and should enforce the settlement negotiated by Counsel for the parties.  "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."  *Thies v. Life Ins. Co. of North America*, 2013 WL 6800675 at *2 (W.D. Ky. 2013) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.1976)).  In the Sixth Circuit, "[s]ettlement agreements are a type of contract and are therefore governed by contract law."  *Planned Parenthood Greater Memphis Region v. Dreyzehner*, 2013 WL 1092462 at *8 (M.D. Tenn. 2013) (quoting *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992)).  Thus, "[w]hether [a settlement agreement] is a valid contract between the parties is determined by reference to state substantive law governing contracts generally."  *Id.*

13.     Under Tennessee law, "[w]hile a contract may be either expressed or implied, or written or oral, it must result from a meeting of the minds of the parties in mutual assent to the terms, must be based on sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced."  *Dreyzehner* at *8. (quoting *Higgins v. Oil, Chem. & Atomic Workers Union*, 811 S.W.2d 875, 879 (Tenn. 1991)).  Where the terms of the settlement have been announced to the Court or memorialized in a signed, enforceable contract, the courts may enforce the agreement.  *Dreyzehner* at *8 (citing *In re Estate of Creswell*, 238 S.W.3d 263, 268 (Tenn. Ct. App. 2007)).  Here, not only was the settlement agreement negotiated by informed Counsel, but the agreement is the result of a meeting of the minds and is free from any defect that would otherwise invalidate it.  Plaintiff should not be allowed to change the terms previously agreed to by her attorney simply because Plaintiff no longer wishes to have payroll taxes withheld from her settlement check.  No other aspect of the settlement is in dispute, and again, the settlement proceeds have been allocated exactly as instructed by Plaintiff's

M ZBB 2515283 v3
2905453-000017  08/18/2014

attorney. Lastly, Gentiva has relied on the parties' settlement to its detriment. The dispositive motions deadline has passed, and Gentiva would be severely prejudiced if this Court did not enforce the parties' settlement. Ultimately, the parties' settlement is binding, and this Court can and should enforce it.

14. As for enforcement, Gentiva respectfully requests that the Court:

    a.      order Plaintiff to execute the settlement agreement;[3]

    b.      dismiss this case with prejudice upon confirmation that all settlement paperwork has been executed and settlement proceeds have been paid; and

    c.      award to Gentiva the costs and attorneys' fees incurred by it in bringing and prosecuting this Motion.

15. Based on the arguments and authorities above, Gentiva respectfully requests that it be relieved from any requirement to separately file a memorandum brief. Also, as referenced above, Gentiva incorporates into this Motion the following Exhibits:

**Exhibit 1:**      E-mail Chain Ending July 21, 2014;

**Exhibit 2:**      July 25, 2014 E-mail;

**Exhibit 3:**      July 28, 2014 E-mail;

**Exhibit 4:**      Second July 28, 2014 E-mail;

**Exhibit 5:**      July 31, 2014 E-mail with Attachment;

**Exhibit 6:**      August 7, 2014 E-mail Chain;

**Exhibit 7:**      August 8, 2014 E-mail;

**Exhibit 8:**      Second August 8, 2014 E-mail; and

**Exhibit 9:**      Excerpts from Plaintiff's Deposition.

---

[3] Again, other than the breakdown of settlement proceeds, Plaintiff's Counsel has not objected to any term/condition of the settlement agreement, which is part of Exhibit 5, pages 2-7.

M ZBB 2515283 v3
2905453-000017  08/18/2014

Defendant, Gentiva Healthcare Services (USA), LLC, respectfully requests that this Court enforce the settlement negotiated and agreed to by Counsel for the parties. Gentiva further respectfully requests that this Court award to it all costs and reasonable attorneys' fees incurred by it in preparing and prosecuting this Motion. Gentiva respectfully requests any additional relief the Court deems warranted under the circumstances.

This, the 14th day of August, 2014.

Respectfully submitted,

**Gentiva Healthcare Services (USA), LLC**

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:    *s/ Angie C. Davis*
       ANGIE C. DAVIS

**OF COUNSEL:**

ANGIE C. DAVIS
Tennessee Bar No. 20043
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee 38103
Tel.:    (901) 577-8110
Fax:    (901) 577-0893
E-mail: angiedavis@bakerdonelson.com

MARCIE KIGGANS BRADLEY
Tennessee Bar No. 028222
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
Tel.:    (423) 209-4149
Fax:    (423) 752-9522
E-mail: mbradley@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date filed the foregoing document with the Clerk of the Court using the Court's ECF System, which sent notification of the filing to all counsel of record.

This, the 14th day of August, 2014.

*s/ Angie C. Davis*
ANGIE C. DAVIS

M ZBB 2515283 v3
2905453-000017  08/18/2014